RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 6-7-05

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KEVIN W. TOBIN,
    Plaintiff

v.                                  Civil Action No.

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON and
LIBERTY MUTUAL
INSURANCE COMPANY,            05-11179 DPW
    Defendants

MAGISTRATE JUDGE _____

**COMPLAINT**

1. Plaintiff Kevin W. Tobin (hereinafter "Tobin") is an individual and a resident of Scituate, Plymouth County, Massachusetts.

2. Defendant Liberty Life Assurance Company of Boston was and is a duly organized and existing corporation chartered under the law of the State of Massachusetts with its principal place of business at Boston, Massachusetts.

3. Defendant Liberty Mutual Insurance Company (hereinafter Liberty Mutual") was and is a duly organized and existing corporation chartered under the law of the Commonwealth of Massachusetts with its principal place of business at Boston, Massachusetts.

4. At all times material, Liberty Life Assurance Company of Boston administered the benefits plan of Liberty Mutual.

5. At all times material, Liberty Mutual was self-insured.

6. This action is brought for recovery of benefits under the Employee Retirement Income Security Act, 29 USC §§ 1001 et seq.

7. Jurisdiction is conferred upon this Court by the Employee Retirement Income Security Act, 29 USC §§1001 et seq.

8. Plaintiff was hired by the defendant Liberty Mutual on or about September 16, 1964.

9. Sometime in May 1968, the complainant was promoted to sales representative and began working out of the Braintree office of Liberty Mutual.

10. Plaintiff worked for Liberty Mutual in this capacity for over thirty years.

11. Sometime in December 1997, plaintiff took a short term disability leave.

12. In June 1998, after his disability leave, plaintiff resumed his duties as an employee of defendant.

13. In September 1998, plaintiff took a second short term disability leave.

14. In January 1999, after his disability leave, plaintiff resumed his duties as an employee of defendant.

15. Sometime in December 2000, plaintiff met with his supervisor at Liberty Mutual and advised the supervisor of his disability and the opinion of his attending physician that plaintiff should request a third disability leave.

16. Knowing that the termination of plaintiff's employment was being processed, and with the knowledge that the disability of the plaintiff was materially and negatively impacting his job performance, the supervisor of the plaintiff persuaded the plaintiff to delay processing of his disability claim.

17. Based on the encouragement of the supervisor and the representation of said supervisor that the employer wanted the plaintiff to continue with his best efforts to perform his duties despite his disability, plaintiff delayed further action in advancing his claim for disability benefits.

18. On or about January 10, 2001, the plaintiff reiterated to said supervisor that his request for a disability leave should be processed because he was unable to function on the job due to his disability.

19. At the time of this request, the supervisor of the plaintiff knew plaintiff was disabled and was about to be terminated from his position and again represented to the plaintiff that his employer wanted him to delay processing of the claim and try for a further period to do his job notwithstanding his disability.

20. On or about January 11, 2001, defendant terminated the employment of plaintiff.

21. At the time of being notified of termination, plaintiff advised the Human Resource Representative of the employer and his immediate supervisor of his disability and requested a disability leave.

22. With the knowledge that plaintiff was in fact disabled, the Human Resource Representative advised plaintiff that he was not eligible for disability benefits because his employment had just been terminated.

23. Plaintiff believed that this representation was true and in reliance thereon, did not take any further immediate action to advance the claim for disability benefits which had been requested as set forth.

24. At all times up to and including the date of termination of employment, plaintiff was a qualified participant in the plan.

25. Plaintiff later pursued his administrative remedies and was subsequently advised that his claim was denied because it was not properly advanced prior to termination of employment.

26. To the extent that plaintiff may have failed to take any action required of him to advance his claim for disability benefits, such failure resulted from his disability and/or his reliance on the misrepresentations of his supervisor and/or the Human Resource Representative of his employer.

27. Plaintiff has exhausted his administrative remedies in seeking review of the denial of benefits.

### Count I
### Recovery of Benefits
### Pursuant to 29 USC §1132(a)(1)(B)
### ERISA

28. Plaintiff restates and realleges the allegations of all the preceding paragraphs, and by this reference, incorporates them herein.

29. At all times material, plaintiff was entitled to short term disability benefits.

30. Prior to his termination, plaintiff made a request for short term disability benefits.

31. The request for short term disability benefits was denied.

32. Said denial was in violation of the statutory and other rights of the plaintiff.

33. Said denial was appealed by the plaintiff and all administrative remedies have been exhausted by the plaintiff. See Exhibits A, B and C attached hereto.

34. Plaintiff has been damaged by said denial.

### Count II
### Failure to Provide Plan

35. Plaintiff restates and realleges the allegations of all the preceding paragraphs, and by this reference, incorporates them herein.

36. Pursuant to 29 USC §1022, plaintiff, through his attorney requested the summary plan for the benefits of plaintiff. See Exhibit D.

37. Defendant neglected, failed and refused to provide said plan. See Exhibit E.

38. Said conduct of the defendant was in violation of the provisions of federal law.

### Count III
### Breach of Contract

39. Plaintiff restates and realleges the allegations of all the preceding paragraphs, and by this reference, incorporates them herein.

40. The defendant was contractually obligated to provide short term disability and other benefits to the plaintiff pursuant to the terms of the defendant's short term disability plan and benefits plans.

41. Defendant breached said contract by denying benefits to the plaintiff.

42. Plaintiff was damaged by said denial.

### JURY DEMAND

Plaintiff claims a jury trial on all issues triable of right by a jury.

WHEREFORE, the plaintiff prays that this honorable Court enter judgment in favor of the plaintiff awarding to the plaintiff equitable relief, damages, multiple damages, interest, costs and attorneys fees, and grant such other relief as is meet and just.

Respectfully submitted,
KEVIN W. TOBIN
By his attorney,

Dated: June 7, 2005

_____
Frank J. Frisoli, Esq.
BBO #180440
Frisoli & Frisoli
797 Cambridge Street
Cambridge, MA 02141
617-354-2220

5

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

(b) County of Residence of First Listed Plaintiff  Plymouth, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Suffolk, MA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) 617-354-2220
Frank J. Frisoli, Esq. Frisoli & Frisoli
797 Cambridge Street, Cambridge, MA 02141

Attorneys (If Known)  05-11179 DPW

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☒ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN  (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 USC Section 1001 et seq.
Brief description of cause: Recovery of disability benefits

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $     CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE Woodlock    DOCKET NUMBER 01-11979 Dismissed/on appeal

DATE June 7 2005    SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)   Kevin W. Tobin vs. Liberty Mutual Life Assurance Company of Boston

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   [ ]  I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   [X]  II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

   [ ]  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   [ ]  IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   [ ]  V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   Tobin v. Liberty Mutual  01-11979 (Dismissed/on appeal)

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [X]   NO [ ]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [ ]   NO [X]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES [X]   NO [ ]

   A.  If yes, in which division do all of the non-governmental parties reside?

       Eastern Division [X]   Central Division [ ]   Western Division [ ]

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

       Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Frank J. Frisoli, Esq.
ADDRESS           797 Cambridge Street, Cambridge, MA 02141
TELEPHONE NO.     617-354-2220

(CategoryForm.wpd - 5/2/05)