UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEVIN W. TOBIN, </br></br>  Plaintiff, </br></br> v. </br></br> LIBERTY LIFE ASSURANCE COMPANY OF BOSTON and LIBERTY MUTUAL INSURANCE COMPANY, </br></br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) </br></br> Civil Action No. 05 CV 11179DPW |

## DEFENDANTS' MOTION TO STRIKE JURY CLAIM

Defendants Liberty Life Assurance Company of Boston ("Liberty Life") and Liberty Mutual Insurance Company ("Liberty Mutual")(collectively "the defendants") hereby move to strike the jury claim asserted by plaintiff Kevin W. Tobin ("Tobin") in his First Amended Complaint. In support of this motion, defendants state the following:

1. Tobin's First Amended Complaint asserts claims for "Recovery of Benefits, Pursuant to 29 U.S.C. §1132(a)(1)(B), ERISA" (Count I), "Failure to Provide [an ERISA] Plan" (Count II) and breach of contract (Count III).

2. As discussed more fully in the Defendants' *Memorandum of Law in Support of their Motion to Dismiss*, filed herewith, Tobin's breach of contract claim is subject to ERISA preemption and should be dismissed. See, e.g., Hampers v. W.R. Grace & Co., Inc., 202 F.3d 44, 52 (1st Cir. 2000)(breach of contract claim preempted by ERISA); Harris v. Harvard Pilgrim Health Care, Inc., 208 F.3d 274, 281 (1st Cir. 2000)(same).

3. Tobin's remaining claims, recovery of benefits under 29 U.S.C. §1132(a)(1)(B) and

failure to provide ERISA Plan documents (see 29 U.S.C. §1132(c)) are both based solely on ERISA.

    4.    It is well settled, however, that no right to a jury trial attaches to ERISA actions. See Dudley Supermarket v. Transamerica Life Ins. and Ann. Co., 188 F. Supp. 2d 23 (D. Mass. 2002)(request for jury trial in ERISA action denied); Turner v. Fallon Community Health Plan, Inc., 953 F.Supp. 419, 423 (D. Mass. 1997)(plaintiff in ERISA case not entitled to jury trial); Gentile v. John Hancock Mut. Life Ins. Co., 951 F.Supp. 284, 290 - 291 (D. Mass. 1997)(granting defendant's motion to strike jury claim in ERISA action).

    5.    To the extent that Tobin's First Amended Complaint only asserts ERISA based claims, Tobin's claim to a right to a jury trial should be stricken.

WHEREFORE, defendants respectfully request that this Court strike Tobin's claim to the right to a jury trial.

Respectfully submitted,

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON and
LIBERTY MUTUAL
INSURANCE COMPANY,

By their attorneys,

*/s/ Alan D. Rose*

Alan D. Rose (BBO#427280)
Richard E. Bowman (BBO# 645245)
ROSE & ASSOCIATES
29 Commonwealth Avenue
Boston, MA 02116
Tel: 617-536-0040
Fax: 617-536-4400

Date: August 15, 2005

2

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand.

Date: 8/15/05

## CERTIFICATE OF CONCURRENCE WITH LOCAL RULE 7.1

    Pursuant to Local Rule 7.1(A)(2), I hereby certify that on or about August 11, 2005, I spoke with plaintiff's counsel, Frank J, Frisoli, in an effort to resolve or limit the issues presented by this motion. I further certify that we were unable to resolve or limit the issues presented herein.

_____
Richard E. Bowman