UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEVIN W. TOBIN,<br>Plaintiff<br><br>v.<br><br>LIBERTY LIFE ASSURANCE<br>COMPANY OF BOSTON and<br>LIBERTY MUTUAL<br>INSURANCE COMPANY,<br>Defendants | Civil Action No. 05-11179DPW |

## PLAINTIFF'S
## OPPOSITION TO
## MOTION TO DISMISS

Now comes the plaintiff, Kevin Tobin, and submits his opposition to the Defendants' Motion to Dismiss.

In response to the motion, the plaintiff states as follows:

### FACTUAL AND
### PROCEDURAL HISTORY

In this action, plaintiff Kevin W. Tobin, an employee of Liberty Mutual for over thirty years seeks recovery of disability benefits wrongfully denied him by Liberty Mutual. As alleged in the plaintiff's complaint, in accordance with the requirements of the plaintiff's disability plan, plaintiff Kevin W. Tobin notified his supervisor Manina Schwitters of his disability in December 2000. In that meeting, the plaintiff informed his supervisor that he was disabled and his physician advised him to take a disability leave. (Complaint, paragraph 15.) At the time, the plaintiff's supervisor was in the process of securing approval from

1

the upper management of Liberty Mutual to discharge the plaintiff. Because of the plaintiff's long tenure, the discharge of plaintiff needed to be approved by upper management. At the time, the plaintiff was misled by said supervisor to believe that termination was not probable. Plaintiff's supervisor advised and encouraged the plaintiff to continue to try to work and denied plaintiff a disability leave. (Complaint, paragraph 16.) Plaintiff again requested from Human Resources Manager Kevin Vance that he be provided with disability leave on January 10, 2001. As of that date, plaintiff's supervisor had secured approval to terminate the plaintiff and plaintiff had been made aware that he was being discharged. (Complaint, paragraph 18.) The effective date of the plaintiff's termination was January 11, 2001. (Complaint, paragraph 20 and email of Debra Waldstein, dated March 5, 2001 attached as Exhibit A to Affidavit of Frank J. Frisoli.) Human Resources Manager Kevin Vance misrepresented to Tobin on January 10, 2001 that his termination was effective at that time and that he was, therefore, precluded from filing a disability claim because termination was effective prior to submission of claim.

    Counsel for Tobin has just become aware of a letter from Liberty Life Assurance dated January 31, 2001, a copy of which is attached as Exhibit B to Affidavit of Frank J. Frisoli. This letter was obviously in the possession of counsel for some time, having been produced by Tobin in the prior employment discrimination action. Counsel for plaintiff Tobin was not aware of the contents of this letter at the time of commencement of the within action and only became aware of said contents in the course of preparing the within opposition. The

letter misrepresents that Tobin's last day of employment was January 10, 2001. This misrepresentation did not become apparent to Tobin or Tobin's counsel until long after the employment discrimination action had commenced. It was in the course of discovery in the employment discrimination action that Tobin and his counsel became aware that the actual date of Tobin's effective termination was January 11, 2001 and not January 10, 2001 as represented in the January 31, 2001 letter and by the defendants at the time of termination and throughout the course of the employment discrimination litigation. In fact, during the deposition of Kevin Vance, the Human Resources person who notified Tobin of his termination, Vance testified that Tobin had, in fact, prior to leaving the building after being notified of his termination, asked to file a disability leave. Vance confirmed in that deposition that he advised Tobin that Tobin was not eligible for disability because he had been terminated prior to the request for disability leave. This misrepresentation by Vance caused Tobin not to pursue the disability claim. Tobin had a right to rely on the representations made by Liberty Mutual and its Human Resources representative.

It is important to note that this correspondence of January 31, 2001 represents the termination date to be January 10, 2001. It is therefore clear that in any communications by Tobin addressed to Liberty Life Assurance prior to that date, Tobin was not aware that his effective termination date was January 11, 2001 and Liberty Life Assurance was either not aware of that fact or misrepresented the effective termination date. In any event, the matter was reconsidered by Liberty Life Assurance in 2004 when the denial letter advised of

3

Tobin's right to appeal the matter to the Court. Liberty Life Assurance did not take the position at that time that the matter was previously adjudicated and the applicable appeal period had expired. In fact, the matter was considered in 2004 by Liberty Life Assurance and should have been so considered at that time because the effective termination date was either misrepresented or not known at the time of the initial claim of Tobin in January 2001.

Tobin filed a complaint with the Massachusetts Commission Against Discrimination (hereinafter the employment discrimination action) on or about July 2, 2001 alleging employment discrimination based, *inter alia*, on the termination of his employment due to his disability in January 2001. At all times material, MCAD had no jurisdiction to adjudicate any claim of Tobin with respect to a denial of disability benefits and as of that date, Tobin had not exhausted his administrative remedies pertaining to his claim of disability benefits. On or about October 31, 2001, the employment discrimination action was removed by the plaintiff to Plymouth Superior Court. Defendants subsequently removed the employment discrimination action to the Federal District Court of Massachusetts based on federal question jurisdiction on or about November 15, 2001.

On or about August 22, 2003, Tobin brought suit against his supervisors, Robert Nadeau, Manina Schwitters and Kevin Vance, in their individual capacities in Plymouth Superior Court for, *inter alia*, intentional infliction of emotional distress pertaining to the roles of his supervisors in orchestrating his discharge (hereinafter "the Nadeau action"). Liberty Mutual was not a party to that action. Defendants removed that action to Federal Court on September 19,

4

2003. On or about October 10, 2003, defendants filed a motion to dismiss the matter. The motion to dismiss was granted on August 30, 2004.

Plaintiff subsequently filed a claim for disability benefits on May 7, 2004. Said claim was denied on the basis that the plaintiff's disability arose on January 11, 2001. In fact, the plaintiff reported his disability and requested a disability leave to his supervisor in December 2000 and again on January 10, 2001 to Human Resources.

## I. TOBIN'S CLAIMS ARE NOT BARRED BY RES JUDICATA

### A. Tobin's claim in the present ERISA action are not the same as the Tobin's claim in the previous Nadeau action and are not barred by res judicata.

Tobin's present ERISA complaint (hereinafter the "ERISA action") arises out of the denial of benefits subsequent to his termination as an employee at Liberty Mutual. The present ERISA action does not arise out of the events that led up to the termination of the plaintiff and the actions of Tobin's employer and/or Tobin's supervisors in discriminating against Tobin. Because the two complaints grow out of two different events unrelated in time, Tobin's ERISA action should not be barred based on a defense of res judicata. Tobin's situation is analogous to the employee in Herrmann v. Cencom Cambel Assocs., 999 F.2d 223 (7th Cir. 1993). In Herrmann, the plaintiff first pursued a claim based on COBRA coverage. In that action, the employer/defendant was granted summary judgment on the grounds that the employee had not tendered the necessary COBRA premium. In a subsequent action the plaintiff/employee sued the employer/defendant pursuant to Title VII for employment discrimination. The

employer argued that the employee was barred from bringing the Title VII claim based on a theory of res judicata arising out of the previous COBRA action. The Court held that the COBRA action concerned facts that arose <u>AFTER</u> the firing of the employee and that the Title VII action was based on events that occurred prior to the firing of the plaintiff and that the Title VII claim was not barred by res judicata.

Likewise, Tobin's ERISA action is based on a denial of his claim for disability benefits after his termination from Liberty Mutual. His employment discrimination claim and the Nadeau action arose from actions of his employer and his supervisors in discriminating against Tobin prior to and up to the time of Tobin's termination at Liberty Mutual.

Moreover, the within action is brought pursuant to 29 U.S.C. §1132(a) (§ 502(a) of ERISA) to recover benefits due Tobin under his disability claim. The Nadeau Court found that 29 U.S.C. §1140. (§ 510(a) of ERISA) pre-empted the plaintiff's claims. The Court explicitly recognized that the Nadeau action was not "aimed at enforcing the terms of Liberty Mutual's disability or pension plans." <u>Tobin v. Nadeau et al.</u>, 2004 U.S. Dist. LEXIS 17187, (D. Mass. August 30, 2004).

> B. <u>Because Tobin is suing Liberty Mutual in its capacity as the administrator of his disability plan, the parties are not the same and res judicata does not apply.</u>

Tobin has sued Liberty Mutual in two different capacities and, therefore, a defense of res judicata does not apply to the within action. Tobin previously filed an action against Liberty Mutual in its capacity as his former employer. In the present ERISA action, Tobin is suing Liberty Mutual in its capacity as a fiduciary

administering its own ERISA plan. See Cooper Tire & Rubber Co. v. St. Paul Fire & Marine Ins. Co, 48 F. 3d 365 (8th Cir.1995) finding that employer that is administrator of its own ERISA plan qualifies as a fiduciary pursuant to 29 U.S.C. §1132(a). Res judicata does not apply where the parties do not appear in the same capacity. Hurt v. Pullman, Inc., 764 F.2d 1443 (11th Cir. 1985). The previous judgment against Tobin pertaining to his discrimination claim should not apply to Tobin's present claim against Liberty Mutual as the administrator of his disability plan. In Hurt, a dispute arose over the payment of worker's compensation benefits to the employee and the dispute was adjudicated by the state court. In the worker's compensation action, the employee advanced a claim of breach of fiduciary duty and bad faith. The claims of the employee were dismissed at summary judgment.

 Subsequently, the employee sued his employer in federal court maintaining that he was entitled to disability benefits pursuant to ERISA. The employer defended on a claim of res judicata. The federal district court dismissed the suit, but the appeals court reversed and reinstated the suit because the employee sued the defendant in two different capacities, one of which was as a fiduciary of an ERISA plan.

 Here, Tobin sued Liberty Mutual in its corporate capacity as his former employer in his employment discrimination action. In the current action, Tobin is suing Liberty Mutual as a fiduciary administering an ERISA plan. The parties are not the same and res judicata should not mandate dismissal of the within action.

### C. Tobin could not have brought his present claim in the previous action against his supervisors.

The defendants also maintain that the Nadeau action, Tobin's suit against his supervisors, for, *inter alia,* intentional infliction of emotional distress precludes the within action. Defendants confuse a finding by the Court that the claims in Nadeau were pre-empted by ERISA with whether the plaintiff did or could have brought ERISA claims in that action. Because the plan administrator was not a party in Nadeau, the plaintiff could not have brought the within claim in Nadeau. Nor was the plaintiff required to advance his ERISA claims in that action. In fact, had the plaintiff raised a claim of ERISA violations in Nadeau, the defendants would undoubtedly have argued in Nadeau that the defendants were not proper parties to the Nadeau suit and argued for dismissal on that basis. The Nadeau action was filed on or about August 22, 2003, and a motion to dismiss was filed on October 10, 2003. The action was dismissed by the Court on August 30, 2004 following hearings on motions to dismiss filed prior to July 19, 2004. Tobin's administrative remedies were exhausted in the ERISA action on July 19, 2004 when he was advised by Liberty Life Assurance Company of Boston that all of his administrative remedies were exhausted and he was entitled to further pursue the matter pursuant to § 502(a) of ERISA. First Amended Complaint, Exhibit C. Since Tobin's administrative remedies had not been exhausted as of the time of hearing on the motion to dismiss, on which the action was subsequently dismissed by the Court, Tobin could not have pursued the within claim at that time.

### D. Tobin's supervisors are not in privity with Liberty Mutual.

Defendants maintain that the defendants in Nadeau were in privity with Liberty Mutual and that the ERISA suit is barred by the previous action against the supervisors of the plaintiff.

In fact, employees are not in privity with their employers. Sterling v. United States of America, 85 F.3d 1225 (7th Cir.1996).

In Sterling, the plaintiff, a prisoner, brought suit against a federal employee alleging that the defendant had lost or intentionally destroyed the property of the plaintiff in state Court. The first case against the federal employee was dismissed by the state court. Subsequently, the plaintiff filed suit against the United States in federal Court. The United States moved to dismiss the second suit based on res judicata. The Appeals Court found that the principal of res judicata did not bar the second suit against the United States. The Court determined that the defendants were different and that the legal theories of recovery advanced in each suit was different and had different standards of proof. The Appeals Court overruled the district court and reinstated the action.

The Court reached a similar result in De Llano v. Berglund, 183 F.3d (8th Cir. 1999). In De Llano, the plaintiff, a professor, filed a suit alleging Title VII discrimination against his former employer, a state university. After a jury trial, a verdict was returned in favor of the state university. In a second subsequent suit, the plaintiff filed an action against employees of the university in their individual capacities. The defendants in the second suit defended on a claim of res judicata. The Court found that because the employees were sued in their

individual capacities, that no privity existed between the employer and the employee and ruled that claim preclusion did not bar the second suit.

### E. Tobin could not have sued Liberty Mutual in his action for employment discrimination.

The doctrine of res judicata will not attach only if the claim asserted in the second suit could not have been asserted in the first suit. Massachusetts School of Law v. ABA, 142 F.3d 26, 38 (1st Cir. 1998).

Defendants also maintain that the employment discrimination action should bar the plaintiff from bringing the within action. The employment discrimination claim was filed with the MCAD on July 2, 2001. Tobin exhausted his administrative remedies on July 19, 2004.

Finally, prior to bringing suit against Liberty Mutual, the plaintiff was required to exhaust his administrative remedies. Plaintiff was initially actively dissuaded from applying for disability benefits by his supervisor at Liberty Mutual. After requesting disability benefits on a second occasion, the plaintiff was actively misled that he was not eligible for disability benefits based upon misrepresentations by the employer's human resources representatives as to the effective date of his termination. In fact, the plaintiff was clearly eligible as he requested disability benefits on January 10, 2001 and was not effectively terminated until January 11, 2001. Moreover, the plaintiff did not have available and had no knowledge of the official discharge records establishing that he was effectively discharged on January 11, 2001. These records only became available to the plaintiff during discovery in the employment discrimination action.

## II.  CONTRACT CLAIM

The contract claim was advanced as an alternative theory of recovery to deal with the possibility that the Court could determine that the disability plan is not covered by ERISA. It essentially asserts the same damages and claims as the ERISA claim. To the extent that this Court might determine that ERISA does apply and this claim is duplicative, the plaintiff does not object to the dismissal of this claim. The plaintiff calls to the attention of the Court that under the disability plan, the plaintiff paid premiums by payroll deductions for the benefits which are now being denied him.

## III.  TOBIN'S PRESENT ERISA CLAIM IS TIMELY

    A. <u>Tobin's claim was brought within both the six year common law statute of limitation and within the one year limitation the defendants maintain is required by the plan.</u>

The six year statute of limitations period governing contracts in Massachusetts applies to actions arising out claims to recover benefits under ERISA. <u>Salcedo v. John Hancock Mutual Life Insurance Co.</u>, 38 F. Supp. 2d 37, 40 (D. Mass. 1998).

A cause of action for recovery of benefits under ERISA accrues when an application for benefits is formally denied. <u>Id</u>. at 42. Because ERISA requires exhaustion of administrative remedies, the statute of limitations should run from the denial of the appeal. <u>Id</u>. at 43.

Tobin exhausted his administrative remedies on July 19, 2004 when he was advised by Liberty Life Assurance Company of Boston that all of his administrative remedies were exhausted and he was entitled to further pursue

the matter pursuant to § 502(a) of ERISA. First Amended Complaint, Exhibit C. The response of Liberty Life Assurance Company of Boston followed a detailed letter dated June 11, 2004 (First Amended Complaint, Exhibit B) which put Liberty Life Assurance Company on notice for the first time as to the actions of the employer in wrongfully advising Tobin that he was not entitled to benefits because he had been previously terminated. Tobin filed the within suit on June 7, 2005 well within the six year statute of limitations applicable to the matter and within the one year statute of limitations that the defendants maintain should apply by virtue of the language in the plan cited by the defendants. Tobin's claim should not be dismissed due to either the common law statute of limitations or any shortened statute of limitations which the defendant maintain govern the matter.

> B. Because the plan fails to define the time for which proof of claim must be filed, the plan is ambiguous and should not be enforced against the plaintiff.

Defendants also argue that the plaintiff's claim should be dismissed because the Plan specifically establishes a limitations period, stating that a participant cannot start a legal action "more than one year after the time proof of claim is required." The plan fails to define "the time proof of claim is required." In Skipper v. Claims Services International, 213 F. Supp. 2d 4 (D.Mass.2002), the plaintiff sought and received long term disability benefits. After his benefits were terminated, the plaintiff sued pursuant to ERISA. The defendants maintained that the plaintiff was barred by a contractual limitation because the plan stated "no lawsuit may be brought to recover on this policy…after two years from the

time written proof of loss is required to be given." The Court noted that "this language was pure gobbledegook." The Court found that the term was not defined in the plan and never used in any correspondence with the plaintiff. The Court found that the term was ambiguous and that the ambiguity should be strictly construed against the defendant. The Court reasoned that because the plan did not have an unambiguous trigger, the contractual limitation did not apply to the plaintiff.

Likewise, Tobin's plan does not define the term "proof of claim" and gives no information as to when the "proof of claim" must be filed. Nor did the defendants ever use the term "proof of claim" in any correspondence to the plaintiff. Because the term is equally vague and ambiguous for the plaintiff and the plaintiff could not have reasonably understood the date by which the proof of claim was required to be filed, the Court should deny the motion of the defendants to dismiss the action based on an unintelligible contractual limitation.

    C. <u>In accordance with the plan, the plaintiff timely notified his supervisors as required and complied with the requirement that the claimant assert his claim within 90 days.</u>

Pursuant to the short term disability plan covering the plaintiff, the plaintiff was first required to notify his supervisors of his disability. The plaintiff did this on two different occasions, once in December 2000 and a second time on January 10, 2001. The requirement that the disability be reported within 90 days does not identify the exact party to whom the disability be reported. Affidavit of Richard E. Bowman, Exhibit 2, page D-1-11. Moreover, there exists a tolling period due to legal incapacity. The plaintiff did timely report his disability

13

within the ninety day period as the defendants maintain is required by the plan. Affidavit of Richard E. Bowman, Exhibit 2, page D-1-6. Because the plaintiff timely notified his supervisors, the plaintiff complied with the requirement that a proof of claim be submitted within ninety days of his disability.

Furthermore, it does appear that the disability claim of the plaintiff was communicated to the Integrated Disability Management Employee Claims Unit on or before January 31, 2001 as the plaintiff received communications from that unit dated January 31, 2001. Exhibit B attached to Affidavit of Frank J. Frisoli.

Moreover, the term "proof of claim" is not defined within the confines of the plan or any of the plan documents. Because the term is ambiguous, the term should be strictly construed against Liberty Mutual. Skipper v. Claims Services International, 213 F. Supp. 2d 4 (D.Mass.2002).

> D. Because Tobin's supervisor's misrepresented to Tobin his eligibility for benefits, Liberty Mutual should be estopped from asserting that Tobin failed to comply with filing deadlines.

An employer's affirmative misconduct provides one rationale for extending the filing period for a claim. Mercado v. Ritz-Carlton San Juan Hotel, Spa and Casino, 410 F.3d 41, 46 (1st Cir. 2005).

The defendants should be estopped from asserting that Tobin missed an internal deadline based on the misrepresentation of the defendants and the deadline should be equitably tolled. The defendants, through their employees actively misled the plaintiff regarding his eligibility for benefits advising the plaintiff that he was not eligible because his employment had been terminated prior to his request for disability benefits. It is not disputed that Tobin met with

14

his supervisor and Kevin Vance on January 10, 2001 and at that point Tobin was advised that he was being discharged. It is also not disputed that in that meeting Tobin, for a second time, requested a disability leave. Kevin Vance advised Tobin that he was not eligible for disability leave because he was no longer employed by Liberty Mutual. In fact, Tobin's effective date of discharge was January 11, 2001 as revealed in discovery documents Tobin secured during the course of his litigation of his employment discrimination claim.

IV. **DEFENDANT'S FAILED TO PROVIDE A FULL COPY OF THE PLAN**

On May 13, 2005, Counsel for Tobin telephoned the Liberty Mutual disability unit to inquire as to any plan restrictions which established a limitation period for appealing the denial of benefits to plaintiff. Counsel was advised that to the knowledge of the appeals consultant, there was not a deadline set forth in the plan. On that date, a written request for a full copy of the plan was submitted to Liberty Life Assurance of Boston which appeared to be the appropriate party to whom such requests should be directed. In response to that letter, counsel received a letter dated May 18, 2005, a copy of which is attached as Exhibit C to Affidavit of Frank J. Frisoli. That letter directed counsel to contact "Mr. Tobin's Benefit Representative" without identifying such party or providing an address. At a minimum, as an agent of the plan administrator, Liberty Life Assurance Company of Boston had an obligation to direct plaintiff to the appropriate party. That correspondence of May 18, 2005 did not suggest that Liberty Life Assurance Company of Boston was not the plan administrator.

After a second inquiry by plaintiff's counsel, counsel then received a letter dated June 2, 2005 providing the plan administrator contact information. (The requests made by counsel are attached as Exhibit D to Affidavit of Frank J. Frisoli.) Correspondence of June 6, 2005 was then forwarded by counsel demanding the documentation which had been initially requested on May 13, 2005. This action was filed and docketed on June 7, 2005 prior to a legitimate response by the defendants. Some requested documentation was received by plaintiff's counsel on July 5, 2005 but the Plan Administrator did not provide all of the requested documentation as acknowledged in their cover letter. Exhibit E to Affidavit of Frank J. Frisoli.

Since this litigation was commenced prior to the receipt of the plan, and it was clear to counsel that Liberty Mutual and its agents were avoiding their obligations to supply the documentation, a claim was advanced for the failure to timely provide the ERISA plan documents. This is clearly an ancillary matter which can be readily adjudicated by the Court based upon the undisputed facts now available.

### V. LIBERTY LIFE ASSURANCE IS A PROPER PLAINTIFF AS THEY HELD THEMSELVES OUT AS THE PLAN ADMINISTRATOR.

The short term disability plan for 2000 fails to identify the plan administrator of the plaintiff's disability plan. Exhibit F to Affidavit of Frank J. Frisoli. It appears that the 2001 plan does provide notice that Liberty Mutual is the plan administrator. Affidavit of Richard E. Bowman, Exhibit 2, page D-1-15. It also appears that the identity of the plan administrator was added in January 2001 at or around the time of the termination of plaintiff. Id.

Until 2005, Tobin was not advised that Liberty Mutual Insurance Company and not Liberty Life Assurance Company of Boston was the plan administrator of the plaintiff's disability plan at the time of his termination. At all times material, Tobin understood that the plan administrator was Liberty Life Assurance Company. At all times material, Liberty Life Assurance appeared to make the decisions regarding the claims of the plaintiff and communicated those decisions in writing to the plaintiff.

Furthermore, the company clearly reserved the right to change or modify the plan administrator within its sole discretion. Affidavit of Richard E. Bowman, Exhibit 1, § 7.1.

In deposition testimony, Kevin Vance and Michael Robin represented that they had no knowledge of Tobin's disability but implied that that information was held in confidentiality by the administrator. They implied that the administrator of the disability plan was a separate and distinct entity from Liberty Mutual.

Finally, the plaintiff did request disability leave in December 2000. The disability plan was amended as of January 1, 2001. The plan available for December 2000 does not identify the administrator as of December 2000 and, in the event that the plan administrator in December 2000 was Liberty Life Assurance Company of Boston, they are a proper defendant.

## VI.   SUMMARY JUDGMENT

The relevant facts in this case are undisputed. Liberty Mutual own documents establish that the effective termination date of the plaintiff was January 11, 2001 and not January 10, 2001. Its Human Resources Manager

acknowledged that Tobin asked to file a disability claim on January 10, 2001 and was advised that his claim was not timely. This Court should enter summary judgment in favor of the plaintiff on his claim for disability benefits based on the undisputed facts.

    For all of the forgoing reasons, the motion should be denied.

Respectfully submitted,
KEVIN W. TOBIN
By his attorney,

Dated: August 29, 2005

_____
Frank J. Frisoli, Esq.
BBO #180440
Frisoli & Frisoli
797 Cambridge Street
Cambridge, MA 02141
617-354-2220

CERTIFICATE OF SERVICE

I, Frank J. Frisoli, hereby certify that a true copy of the above document was served upon the attorney of record for the Defendants by mailing a true copy to Richard E. Bowman, Esq., Rose & Associates, 29 Commonwealth Avenue, Boston, MA 02216 via U.S. first class postage pre-paid mail this day.

_____
Frank J. Frisoli

Date: August 2?, 2005